UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 16-25024-CIV-GRAHAM/SIMONTON

CARIBE RESORTS, INC., a Florida
corporation,

    Plaintiff,

v.

WATKINS UNDERWRITERS AT LLOYDS
SYNDICATE NUMBER 457, a
foreign corporation,

    Defendant.
_____/

## ORDER

**THIS MATTER** comes before the Court sua sponte.

**THE COURT** has reviewed Defendant's Motion for Summary Judgment and Memorandum of Law in Support of Summary Judgment [D.E. 46, 47], Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 57], Defendant's Reply [D.E. 58], and the Parties' Joint Pretrial Stipulation [D.E. 59].

On January 31, 2018 the Court held a telephonic pre-trial conference wherein the Court raised the choice of law issue. To be sure, this action concerns marine insurance and, therefore, falls within this Court's admiralty jurisdiction. See All Underwriters v. Weisberg, 222 F.3d 1309, 1312 (11th Cir. 2000); see also [D.E. 59 at 5]. As such, this action is governed by federal maritime law. See All Underwriters, 222

1

F.3d at 1312. However, "in the absence of a controlling rule of federal maritime law, the interpretation or construction of a marine insurance contract is to be determined according to state law." LaMadrid v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 567 F. App'x 695, 699 (11th Cir. 2014) (citing Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 321 (1955), wherein the Supreme Court ruled that states have a strong interest in the regulation of insurance, including maritime insurance). More generally, "when neither statutory nor judicially created maritime principles provide an answer to a specific legal question, courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law." All Underwriters, 222 F.3d at 1312 (holding that in matters of maritime insurance, state law controls, and so the prevailing party was allowed to recover attorneys' fees under state statute).

It is apparent from the Parties briefings on Defendant's Motion for Summary Judgment and the Parties' contentions in the Joint Pretrial Stipulation concerning Plaintiff's entitlement to attorneys' fees that Plaintiff believes that Florida law is controlling and Defendant believes that New York law is controlling. Due to this conflict, the Court finds that briefing on the choice of law issue is necessary to enable the

Court to rule on Defendant's Motion for Summary Judgment. Accordingly, it is hereby **ORDERED AND AJUDGED**:

1) The parties are directed to brief the issue of whether Florida or New York law materially differs from federal admiralty law with respect to the legal issues to be determined in this case.

2) The parties are directed to brief the issue of whether Florida or New York law is controlling where neither statutory nor judicially created maritime principles provide an answer to the specific legal question to be determined.

3) The parties shall address in their briefings on the choice of law issue the following:
   a. Rules of contract interpretation and construction concerning marine insurance policies;
   b. Marine insurance policy exclusions;
   c. Burden of proof and burden shifting;
   d. Attorneys' fees; and
   e. All other matters of state law that the Parties deem relevant to this Court's resolution of the factual and legal issues in this action.

Plaintiff shall brief the issues as set forth above within ten (10) days. Thereafter, Defendant shall respond within seven (7) days.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of February, 2018.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

3